Mike Rodenbaugh
California Bar No. 179059
Marie McCann
California Bar No. 292962
RODENBAUGH LAW
548 Market Street
San Francisco, CA  94104
(415) 738-8087

Attorneys for Plaintiff Juvo Assets, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVO ASSETS LLC, a California limited liability company, | Case No. 2:14-cv-00249 |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1.  Declaratory Judgment; |
| Fotis Georgiadis, an individual, | 2.  Cancellation of Trademark; |
| Defendant. | 3.  Common Law Unfair Competition; and, |
| | 4.  Unfair Competition Under Cal. Bus. & Prof. Code Sec. 17200 |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Juvo Assets LLC ("Plaintiff"), by its attorneys, for its Complaint alleges:

### NATURE OF ACTION

This action seeks a declaratory judgment that Plaintiff's registration and use of its valuable domain name property <Loveit.com> (hereinafter "the Domain Name") does not constitute trademark infringement, unfair competition, or a violation of the Anti-cybersquatting Consumer Protection Act ("ACPA"), and that Plaintiff is the rightful

Complaint - 1

registered name holder or registrant of the Domain Name.  This action also seeks relief for Defendant's bad faith actions constituting common law unfair competition and unfair competition in violation of California Business & Professions Code Sec. 17200 *et seq.*

## JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. §§ 2201(a) and 2202, Plaintiff seeks a declaration and judgment regarding its rights and obligations in an actual controversy within this Court's jurisdiction, concerning Plaintiff's rights in and to the Domain Name.  Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question under 28 U.S.C. § 1338(a), the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the ACPA, 15 U.S.C. § 1125(d), giving this Court original and exclusive jurisdiction in a civil action arising under the trademark and cybersquatting laws of the United States.  Pendent jurisdiction exists over the state law claims.

2.      This Court has personal jurisdiction over Defendant because the Defendant has sufficient contacts with the State of California and this judicial District subjecting it to the general and specific personal jurisdiction of this Court pursuant to Cal. Code Civ. Pro. § 410.10.  Defendant has purposefully availed itself to this forum through general business presence and by demanding that Plaintiff cease use of the Domain Name and transfer same to Defendant.

3.      Venue is proper in this Judicial District under 28 U.S.C §§ 1391, because the Court has personal jurisdiction over the Defendant and because Plaintiff's claims arise from Defendant's activities in this District.

## THE PARTIES

4.      Plaintiff, Juvo Assets LLC., is a limited liability company organized under the laws of California with its principal place of business in Monrovia, California.

5.      Plaintiff owns the <Loveit.com> Domain Name.

Complaint - 2

6.      Upon information and belief, Defendant Fotis Georgiadis is an individual with an address at 23 Twin Lake Drive, Waterford, Connecticut 06385 and a principal place of business in Los Angeles County, California.

7.      Upon information and belief, Defendant owns various companies associated with the creation, finance, distribution and promotion of motion pictures, music and other entertainment.

## FACTUAL BACKGROUND

### Introduction

8.      Domain Names are essentially Internet Protocol addresses that point and direct Internet users to their desired destination, and they are valuable pieces of property that many liken to the new "real estate" of our burgeoning virtual society.

9.      In recent years, overreaching trademark owners have sought to capitalize on this thriving market by filing baseless trademark infringement lawsuits or taking advantage of the administrative system set up by ICANN (the California corporation that administers the Domain Name System ("DNS")), and using them to intimidate domain name holders into transfer; essentially to swipe valuable descriptive, generic, keyword and/or dictionary domain names away from their rightful owners. These abusive lawsuits are threatening meaningful development of domain name and Internet investment and innovation.

10.     Such is the situation that is before the Court in this Complaint. Defendant has sent Plaintiff's principals, counsel and predecessor-in-interest numerous communications, including a cease and desist letter demanding that Plaintiff stop using the <Loveit.com> Domain Name. Defendant has also threatened to file a UDRP complaint if Plaintiff does not comply with Defendant's demands, alleging that Plaintiff has no legitimate interest in the Domain Name and has registered and used it in bad faith. Defendant bases its demands solely on the fact that Defendant has a newly issued USPTO trademark registration for a design that includes the phrase "Love It".

Complaint - 3

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

Plaintiff's Rights

11.     Plaintiff and its predecessor-in-interest have registered and used the Domain Name <Loveit.com> in good faith.

12.     The phrase "Love It" is composed of two dictionary words that are both commonly used in the English language in a large number of generic or descriptive ways, and also as a part of other companies' trademarks.

13.     There are some 180 other active US trademark registrations, not owned by Defendant, that use the phrase "Love It", including three comprised of the stand alone phrase LOVE IT.

14.     There are some 270 active trademark records in the USPTO containing the terms "Love" and "It", virtually all of which are not owned by Defendant.

15.      There are more than 8,100 active trademark records in the USPTO that contain the word "Love", virtually all of which are not owned by Defendant.

16.      There are more than 18,500 active trademark records in the USPTO that contain the word "It", virtually all of which are not owned by defendant

17.     There are hundreds of legitimate uses of the formatives "love" together with "it" in trademarks, domain names and websites owned by third parties – in addition to LOVEIT.COM -- including without limitation products such as jewelry, an online magazine and cakes.

Defendant's "Love It" Trademark

18.     Defendant claims that he owns the phrase "Love It" based on a newly issued USPTO trademark registration for a design mark that incorporates the phrase, USPTO registration no. 4463057.

19.     The design mark registration contains an extremely broad and voluminous description of services in six different International Classes.

Complaint - 4

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

20.     On information and belief, the design mark has not been used in commerce in connection with many if not all of the goods and services listed in the registration.  Instead, Defendant lied to the Trademark Office about the extent of use of the mark in order to obtain the registration.  Thus the registration must be cancelled in its entirety as it was procured by fraud.

21.     Defendant does not own and cannot rightfully claim exclusive rights to use of the common phrase "Love It", separate or apart, as used in a domain name, trademark or otherwise.

<u>Defendant's Activities That Create a Justiciable Controversy</u>

22.     On or about July 9, 2012, Defendant sent Plaintiff's predecessor-in-interest and cease and desist letter demanding that it, *inter alia*, stop using the Domain Name <Loveit.com>.  Defendant stated that the letter was a "warning" and threatened litigation if Plaintiff did not comply with Defendant's demands.

23.     On December 11, 2013, Defendant emailed Plaintiff's counsel stating that he wanted possession of Plaintiff's Love It Facebook page.

24.     On December 17, 2013, Defendant emailed Plaintiff's counsel requesting a reply with regard to Plaintiff's Facebook page within 24 hours.  Defendant stated that he would not contact Plaintiff's counsel again but would enforce his alleged trademark rights.

25.     On December 27, 2013, Defendant again emailed Plaintiff's counsel threatening to file a UDRP complaint "next week" if Plaintiff did not respond and suggested that he might also file a civil lawsuit for legal fees and damages.  Defendant also noted that his "patience are [sic] running thin".

26.     These threats establish an actual controversy between the parties and thus Plaintiff requests that this Court grant declaratory and affirmative relief in its favor.

Complaint - 5

Defendant's Activities that Create a Claim for Unfair Competition

27.     Plaintiff has not used the Domain Name to offer any goods or services that are related to or compete with those of Defendant, nor for any other illegitimate purpose.

28.     Defendant's accusations of trademark infringement are objectively specious and baseless, and have been made in bad faith in an effort to obtain ownership of the valuable Domain Name property and Facebook account.

**COUNT I:  CLAIM FOR DECLARATORY RELIEF**

29.     Plaintiff realleges paragraphs 1-28 of this Complaint.

30.     Plaintiff and its predecessor-in-interest have rightfully registered and used the Domain Name and Facebook account in good faith, and with no intent to sell the Domain Name to Defendant.

31.     The terms "Love" and "It" are common, generic, dictionary terms that are used in many business names, trademarks and domain names.  Moreover, the phrase "Love It" is commonly used in many business names, trademarks and domain names.  Defendant has no exclusive right to the use of the phrase "Love It" or the words "Love" and "It" in a trademark, domain name or otherwise.

32.     Plaintiff believed and had reasonable grounds to believe that the registration and use of the Domain Name and Facebook account was and is lawful.

33.     Defendant has threatened to initiate administrative proceedings, contending that Plaintiff used the Domain Name in violation of trademark and unfair competition laws.

34.     A justiciable controversy exists between Plaintiff and Defendant.

35.     To resolve this actual controversy, Plaintiff seeks a declaration and judgment that it is not infringing Defendant's trademark rights, that Plaintiff is not violating unfair competition laws and/or the ACPA, that its registration and use of the Domain Name is a good faith use, and that Plaintiff is the rightful owner of the Domain Name.

Complaint - 6

**COUNT II:  CANCELLATION OF TRADEMARK**

36.    Plaintiff realleges paragraphs 1-35 of this Complaint.

37.    Defendant lied to the Trademark Office in order to procure the aforementioned design mark registration, no. 4463057.  Specifically, Defendant has not used the mark in commerce in connection with many, if any, of the goods and services described in the registration.

38.    Consequently, the registration was obtained via fraud on the Trademark Office, and must be cancelled in its entirety.

**COUNT III:  CLAIM FOR COMMON LAW UNFAIR COMPETITION**

39.    Plaintiff realleges paragraphs 1-38 of this Complaint.

40.    Defendant has threatened to initiate administrative proceedings, contending that Plaintiff used the Domain Name in violation of trademark and unfair competition laws.

41.    Defendant's wrongful and baseless accusations of infringement have created a cloud on Plaintiff's title to the Domain Name.

42.    As a result of Defendants' past and continued wrongful acts, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless claims.

**COUNT IV:  CLAIM FOR UNFAIR COMPETITION
UNDER CAL. BUS. & PROF. CODE SEC. 17200**

43.    Plaintiff realleges paragraphs 1-42 of this Complaint.

44.    Defendants' wrongful acts, as described in this Complaint, are unlawful, unfair and fraudulent, and cause damage to Plaintiff and injure its business, in violation of section 17200 of the California Business and Professions Code.

45.    As a result of Defendants' past and continued wrongful acts, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless claims.

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a.  a declaration that Plaintiff is not infringing the trademark rights of Defendant;

b.  a declaration that Plaintiff is not violating unfair competition law;

c.  a declaration that Plaintiff is not violating the ACPA;

d.  a declaration that Plaintiff registered and used the Domain Name in good faith and is the rightful registrant of the Domain Name;

e.  an order cancelling U.S. Trademark Reg. No. 4463057;

f.  a finding awarding Plaintiff monetary compensation for damages sustained by Defendants' wrongful actions as alleged in this Complaint;

g.  an award of reasonable attorneys' fees and expenses; and

h.  such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests that all issues in this case be decided by a jury.

Dated:         January 10, 2014                    RODENBAUGH LAW

By: _Mike Rodenbaugh_

Mike Rodenbaugh
RODENBAUGH LAW
584 Market Street
San Francisco, CA  94014
Tel/fax:  (415) 738-8087

Attorney for Plaintiff
Juvo Assets LLC

Complaint - 8